IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| MARGARET FIELD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:_____ |
| | ) | |
| RONALD MASON, | ) | **05-40105-FDS** |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant, Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "Plan"), incorrectly sued as BlueCross BlueShield of Illinois Health Insurance, hereby removes this action to this Court pursuant to 28 U.S.C. §§ 1441(a), (b), and (c) and 28 U.S.C. §§ 1331 and, in support thereof, states as follows:

1. A civil action is now pending in the Superior Court of Worcester County, Massachusetts, Docket No. 03-2403, wherein Margaret Field is Plaintiff and Ronald Mason is Defendant. A copy of "Motion for Order as to Distribution of Funds" filed in the state court is attached hereto as Exhibit A. This document was the initial pleading served upon the Plan setting forth the claims upon which such action or procedure is based.

2. The Plan is entitled to removal of this civil action pursuant to 28 U.S.C. §§ 1331 and 1441. Plaintiff asserts claims which raise substantial questions of federal law and which arise out of federal law. Plaintiff seeks to have the state court determine subrogation rights arising from an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §

1001 *et seq.* ("ERISA"). Plaintiff's claims relate to an employee benefit plan as defined and described in 29 U.S.C. § 1001(a) and § 1003(a).

3. Plaintiff's claims relate to the employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1001 *et seq.* and are preempted and superseded by 29 U.S.C. § 1144(a).

4. This action is removable pursuant to the complete preemption doctrine without regard to the well-pleaded complaint rule. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

5. This Court has original jurisdiction of ERISA actions under 29 U.S.C. §§ 1132 (a) and (e). This action is founded on claims or rights arising under the laws of the United States in that it is based upon and requires the application of ERISA, 29 U.S.C. § 1144(a). Removal jurisdiction exists under 28 U.S.C. § 1441 (a) and (b).

6. Resolution of Plaintiff's claim for relief requires the Court to construe the terms of an ERISA plan. Specifically, the Court must construe the reimbursement provision contained in the Plan to determine the parties' rights in this action.

7. Plaintiff seeks to recover benefits from an employee welfare benefit plan covered by ERISA. Plaintiff's claim is completely preempted by ERISA because it is properly characterized as a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). *See Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003) (*en banc*); *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278 (4th Cir. 2003).

8. Plaintiff's claim for a declaration of rights under the Plan could have been brought as a separate action. Plaintiff's claim against the Plan is therefore removable as a "separate and independent claim." 28 U.S.C. § 1441(c); *Bond v. Reliance Ins. Co.*, 433 F. Supp. 243, 248 (D.N.J. 1977) (claim is separate and distinct if the claim could have been the subject of an independent action by itself, and without being joined or consolidated with others.). Therefore, the entire action is removable pursuant to 28 U.S.C. § 1441(c). Because removal is proper under 28 U.S.C. § 1441(c), not all defendants are required to join this Notice of Removal. *Thomas v. Shelton*, 740 F.2d 478, 483 (7th Cir. 1984).

9. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

10. Venue is proper in this Court.

11. The following attachment is provided pursuant to 28 U.S.C. § 1446(a). A copy of the "Motion for Order as to Distribution of Funds" is attached as Exhibit A.

12. Pursuant to 28 U.S.C. § 1446(d), the Plan has given written notice of the removal of this action to all parties and has filed a copy of this notice in the state court.

WHEREFORE, the Plan hereby removes this action from said state court into this Court.

Respectfully submitted,

Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Telephone: (413) 737-4753
Facsimile: (413) 787-1941

By: /s/ Susan G. Fentin
Susan G. Fentin (BBO No. 632962)

Thomas H. Lawrence[1]
John M. Russell[2]
LAWRENCE & RUSSELL, LLP
5050 Poplar Avenue, Suite 1717
Memphis, Tennessee 38157
Telephone: 901.844.4433
Facsimile: 901.844.4435

Attorneys for Defendant, Wal-Mart Stores,
Inc. Associates' Health and Welfare Plan

---

[1] Motion for *pro hac vice* admission filed contemporaneously.
[2] Motion for *pro hac vice* admission forthcoming.

## CERTIFICATE OF SERVICE

I hereby certify that this 28 day of June, 2005, I have caused to be placed in the U.S. Mail, postage prepaid, a true and correct copy of the foregoing **NOTICE OF REMOVAL** to:

Gary R. LeBlanc
20 Cross Street
Gardner, MA 01440

Foster & Bibeau
1445 Main Street
P.O. Box 679
Tewksbury, MA 01876

Peter V. Kent, P.C.
P. O. Box 2164
Danvers, MA 01923

John H. Bee
Gargiulo/Rudnick, LLP
66 Long Wharf
Boston, MA 02110

Margaret P. Cottonreader
Hartford Life and Accident Ins. Co.
P. O. Box 1810
Alpharetta, GA 30023-1810

# Commonwealth of Massachusetts

WORCESTER, ss.

Superior Court Department
Docket No. 03-2403

MARGARET FIELD,  )
         Plaintiff  )
           )
vs.           )  ***MOTION FOR ORDER AS***
           )  ***TO DISTRIBUTION OF***
RONALD MASON,  )  ***FUNDS***
         Defendants  )

  NOW COMES the Plaintiff, MARGARET FIELD, and hereby respectfully requests that this Honorable Court issue an order as to the distribution of settlement funds to lien holders and as reasons therefore states as follows:

1. The Plaintiff incurred medical expenses in excess of $40,000.00.

2. The limits of the Defendant's automobile insurance policy were $20,000.00.

3. After deducting a legal fee of $6,666.66 and out-of-pocket expenses incurred by the undersigned in the amount of $561.56, there remains a balance of $12,771.78 to be distributed amongst the lien holders and the Plaintiff.

4. Liens on file total $44,876.91 as follows:

  a. Foster & Bibeau
    Collections for Heywood Hospital    $10,287.45

  b. Hartford Life and Accident Ins. Co.
    Disability payments    $ 3,753.40

  c. BlueCross BlueShield of IL
    Health Insurance    $ 8,936.95

  d. Peter V. Kent, P.C.
    Collections for UMASS Memorial Med. Ctr    $21,899.11

5. Negotiations have failed, specifically with BlueCross BlueShield of IL who will accept nothing less than the full amount of their lien.

6. There are not enough settlement funds to pay all lien holders in full.

7. The Plaintiff asserts that she is entitled to some amount of the proceeds remaining.



RECEIVED
1 5 7 JW 04 05
SPRINGFIELD T



EXHIBIT A

8. The undersigned seeks an order of the court directing specific amounts be paid from the settlement proceeds to the lien holders in full satisfaction of their liens as well as an amount paid to the Plaintiff for her pain and suffering.

WHEREFORE, the Plaintiff, MARGARET FIELD, respectfully requests that her motion be granted for the above-stated reasons and that an order issue specifically setting forth the sums to be paid to the Plaintiff and each lien holder.

Respectfully submitted,
Plaintiff, MARGARET FIELD,
By her Attorney:

May 30, 2005

Gary R. LeBlanc, Esquire
20 Cross Street
Gardner, MA 01440
Telephone: (978) 630-3300
BBO No. 543081

RECEIVED

SPRINGFIELD T

TOTAL P.04

**05-40105-FDS**

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Margaret Field

**DEFENDANTS**
Ronald Mason

(b) County of Residence of First Listed Plaintiff   Worcester
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Gary R. LeBlanc, Esq., 20 Cross Street, Gardner, MA 01440

Attorneys (If Known)
John H. Bee, Esq., 66 Long Wharf, Boston MA 02110

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability |  / ☐ 535 Death Penalty |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  |  / ☐ 550 Civil Rights |  |  | ☐ 950 Constitutionality of State Statutes |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. 1132
Brief description of cause:
Plaintiff seeks adjudication of the terms of an employee welfare benefit plan governed by ERISA.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 06/27/2005
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05-40105-FDS

1. Title of case (name of first party on each side only) __Margaret Field v. Ronald Mason__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ☑ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐  NO ☑

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐  NO ☑

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐  NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐  NO ☑

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☑  NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

   Eastern Division ☐    Central Division ☑    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

   Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (if yes, submit a separate sheet identifying the motions)

   YES ☑  NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Thomas H. Lawrence and John M. Russell, Lawrence & Russell, LLP__
ADDRESS __5050 Poplar Avenue, Suite 1717, Memphis, TN 38157__
TELEPHONE NO. __901-844-4433__

(CategoryForm.wpd - 5/2/05)

## Addendum to Category Form

In compliance with paragraph 8 of the Category Form, attached is a true and correct copy of the "Motion for Order as to Distribution of Funds."

# Commonwealth of Massachusetts

WORCESTER, ss.

Superior Court Department
Docket No. 03-2403

MARGARET FIELD,
        Plaintiff

vs.

RONALD MASON,
        Defendants

*MOTION FOR ORDER AS TO DISTRIBUTION OF FUNDS*

NOW COMES the Plaintiff, MARGARET FIELD, and hereby respectfully requests that this Honorable Court issue an order as to the distribution of settlement funds to lien holders and as reasons therefore states as follows:

1. The Plaintiff incurred medical expenses in excess of $40,000.00.

2. The limits of the Defendant's automobile insurance policy were $20,000.00.

3. After deducting a legal fee of $6,666.66 and out-of-pocket expenses incurred by the undersigned in the amount of $561.56, there remains a balance of $12,771.78 to be distributed amongst the lien holders and the Plaintiff.

4. Liens on file total $44,876.91 as follows:

    a. Foster & Bibeau
       Collections for Heywood Hospital      $10,287.45

    b. Hartford Life and Accident Ins. Co.
       Disability payments      $ 3,753.40

    c. BlueCross BlueShield of IL
       Health Insurance      $ 8,936.95

    d. Peter V. Kent, P.C.
       Collections for UMASS Memorial Med. Ctr      $21,899.11

5. Negotiations have failed, specifically with BlueCross BlueShield of IL who will accept nothing less than the full amount of their lien.

6. There are not enough settlement funds to pay all lien holders in full.

7. The Plaintiff asserts that she is entitled to some amount of the proceeds remaining.



RECEIVED

SPRINGFIELD T



EXHIBIT A

8. The undersigned seeks an order of the court directing specific amounts be paid from the settlement proceeds to the lien holders in full satisfaction of their liens as well as an amount paid to the Plaintiff for her pain and suffering.

WHEREFORE, the Plaintiff, MARGARET FIELD, respectfully requests that her motion be granted for the above-stated reasons and that an order issue specifically setting forth the sums to be paid to the Plaintiff and each lien holder.

Respectfully submitted,
Plaintiff, MARGARET FIELD,
By her Attorney:

May 30, 2005

*[signature]*

Gary R. LeBlanc, Esquire
20 Cross Street
Gardner, MA 01440
Telephone: (978) 630-3300
BBO No. 543081

RECEIVED

SPRINGFIELD T

TOTAL P.04