MAS-20040305    Case 4:05-cv-40105-FDS   Commonwealth of Massachusetts   Filed 07/08/2005   Page 1 of 38    06/30/2005

shisslak                                                 08:35 AM

**WORCESTER SUPERIOR COURT**
**Case Summary**
**Civil Docket**

05-40105

## WOCV2003-02403
## Field v Mason

| | | | | |
|---|---|---|---|---|
| **File Date** | 12/12/2003 | **Status** | Active (actv) | |
| **Status Date** | 03/17/2005 | **Session** | C - Civil C (16 Worcester) | |
| **Origin** | 1 | **Case Type** | B03 - MV negligence/pers injury/prop dmg | |
| **Lead Case** | | **Track** | F | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 03/11/2004 | **Answer** | 05/10/2004 | **Rule12/19/20** | 05/10/2004 |
| **Rule 15** | 05/10/2004 | **Discovery** | 10/07/2004 | **Rule 56** | 11/06/2004 |
| **Final PTC** | 12/06/2004 | **Disposition** | 02/04/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Margaret Field
183 Greenwood Street
Active 12/12/2003

**Private Counsel 543081**
Gary R LeBlanc
20 Cross Street
Gardner, MA 01440
Phone: 978-630-3300
Fax: 978-630-1103
Active 12/12/2003 Notify

**Defendant**
Ronald Mason
19 Franklin Street
Served: 06/15/2004
Answered: 07/29/2004
Answered 07/29/2004

**Private Counsel 185720**
Edward R Gargiulo
Gargiulo Rudnick & Gargiulo
66 Long Wharf
Boston, MA 02110
Phone: 617-742-3833
Fax: 617-523-7834
Active 07/29/2004 Notify

**Private Counsel 563971**
John H Bee
Gargiulo Rudnick & Gargiulo
66 Long Wharf
4th Floor
Boston, MA 02110
Phone: 617-367-8272
Fax: 617-523-7834
Active 07/29/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 12/12/2003 | 1.0 | Complaint & civil action cover sheet filed and rule 29 statement-CJ |
| 12/12/2003 | | Origin 1, Type B03, Track F. |
| 12/12/2003 | | Filing fee paid in the amount of $240.00, surcharge in the amount of $15.00 including $20.00 security fee.($275.00) |
| 04/01/2004 | 2.0 | Plaintiff Margaret Field's MOTION to extend time for service of process until 4/30/04 |
| 05/04/2004 | | MOTION (P#2) ALLOWED (Thomas P. Billings, Justice) Notices mailed May 06, 2004 |
| 06/14/2004 | 3.0 | Plaintiff Margaret Field's MOTION to extend time for service of |

MAS-20040305                Case 4:05-cv-40105-FDS   Document 5   Filed 07/08/2005      Page 2 of 38      06/30/2005
shisslak                                    Commonwealth of Massachusetts                                08:35 AM
                                              WORCESTER SUPERIOR COURT
                                                    Case Summary
                                                    Civil Docket

## WOCV2003-02403
## Field v Mason

| Date | Paper | Text |
|------|-------|------|
| | 3.0 | process until June 30, 2004 |
| 06/17/2004 | | MOTION (P#3) ALLOWED (Thomas P. Billings, Justice) Notices mailed June 24, 2004 |
| 07/29/2004 | | Attys Edward R Gargiulo and John H Bee notice of appearance for Ronald Mason |
| 07/29/2004 | 4.0 | ANSWER: Ronald Mason(Defendant) -CJ |
| 11/03/2004 | 5.0 | SERVICE RETURNED: Ronald Mason(Defendant) service made on 6-15-04 (last and usual) |
| 11/22/2004 | 6.0 | Application (33a) of Defendant, Ronald Mason v. Plaintiff, Margaret Field for Final Judgment and affidavit. |
| 12/03/2004 | 7.0 | JUDGMENT (33a) for defendant(s) Ronald Mason with costs. (Leila R. Kern, Justice). |
| 12/31/2004 | | Pleading, stipulation of dismissal, returned to John H Bee, Esq.: judgment entered on 12/3/04 |
| 03/17/2005 | 8.0 | Plaintiff Margaret Field's joint MOTION to vacate judgment |
| 03/21/2005 | | MOTION (P#8) ALLOWED (Timothy S. Hillman, Justice) Notices mailed March 22, 2005 |
| 04/20/2005 | 9.0 | Plaintiff Margaret Field's MOTION for order as to distribution of funds, Atty for Pltff Gary R. LeBlanc's Affidavit of Complaince with Sup. Court Rule 9A |
| 05/04/2005 | | MOTION (P#9) DENIED Absent the assent of the lienholders to such a process, I am unaware of any authority I have to make such an order. (Bruce R. Henry, Justice) Notices mailed May 04, 2005 |

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 12/13/2004 | Civil C (16 Worcester) | Status: Review Annual Fee Send Notice | Event canceled not re-scheduled |
| 01/17/2006 | Civil C (16 Worcester) | Conf: final pre-trial | |

A true copy by photostatic process
Attest: _Joanne C. Reddy_
Asst. Clerk

# Commonwealth of Massachusetts

WORCESTER, ss.

**FILED**

DEC 1 2 2003

ATTEST
*Frances G. Ford*
CLERK

Superior Court Department
Docket No. _____

03–2403 C

MARGARET FIELD,

          Plaintiff )

vs.

RONALD MASON,

          Defendants )

*Complaint*

1. The Plaintiff, MARGARET FIELD, is a resident of 183 Greenwood Street, Gardner, Worcester County, Massachusetts.

2. Upon information and belief the Defendant, RONALD MASON, is a resident of 19 Franklin Street, Gardner, Worcester County, Massachusetts.

3. On or about December 12, 2000 the Plaintiff, MARGARET FIELD, was a pedestrian in a cross walk at the corner of City Hall Avenue and Connors Street, public ways in Gardner, Worcester County, Massachusetts.

4. At the same time and place, the Defendant, RONALD MASON, was operating a motor vehicle travelling south on Connors Street.

5. The Defendant, his agents or servants, negligently and carelessly operated, owned, maintained, controlled or used said motor vehicle as to cause it to run into, collide with and strike the Plaintiff.

6. As a result thereof, the Plaintiff suffered serious bodily injuries, including but not limited to a fractured tibia and fibia, and suffered great pain, both of mind and of body and incurred expenses for medicines and medical attendance in excess of $34,029.28, was prevented from working and transacting business, and was otherwise rendered physically impaired and greatly injured.

WHEREFORE, the Plaintiff, MARGARET FIELD, demands judgment against the Defendant, RONALD MASON, together with costs, expenses and reasonable attorney fees.

PLEASE TAKE NOTICE that pursuant to Massachusetts Rules of Civil Procedure, Rule 38, the Plaintiff demands trial by jury of all issues in this action triable of right by a jury.

A true copy by photostatic process
Attest: *[signature]*
Asst. Clerk

Respectfully submitted,
Plaintiff, MARGARET FIELD,
By her Attorney:

*[signature]*

December 11, 2003

Gary R. LeBlanc, Esquire
20 Cross Street
Gardner, MA 01440
Telephone: (978) 630-3300
BBO No. 543081

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03-2405 C | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: __WORCESTER__ |
|---|---|---|

| PLAINTIFF(S) MARGARET FIELD | DEFENDANT(S) RONALD MASON |
|---|---|
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Gary R. LeBlanc, Esquire 20 Cross Street, Gardner, Massachusetts 01440 (978) 630-3300 Board of Bar Overseers # (Required)  543081 | ATTORNEY) (if known) |

**Origin code and track designation**

Place an x in one box only:
- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup. Ct c231, s. 104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup. Ct. c231, s. 102C (X)
- ☐ 4. F04 District Court Appeal c.231, s.97 & 104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P.60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See Reverse Side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence Personal Injury/Property Damage | ( F ) | ( x ) Yes     ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A.    Documented medical expenses to date:
1.    Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $25,662.11
2.    Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 3,898.00
3.    Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . .
4.    Total physical therapy expenses. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ 3,088.00
5.    Total other expenses (describe) .Ambulance & prescriptions. . . . . . . . . . . . . . . . . $ 1,381.17
                                                                                      **Subtotal $34,029.28**
B.    Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $10,000.00+
C.    Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . .
D.    Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . $Unknown
E.    Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $Unknown
F.    Other documented items of damages (describe) .  Transportation

                                                                                      $11,100.00

G.    Brief description of plaintiff's injury, including nature and extent of injury (describe)
      Plaintiff suffered a fractured tibia and fibia which required surgical intervention and rehab.

                                                                                      $ 1,100.00
                                                                               **TOTAL $45,129.28.**

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

A true copy by photostatic process
Attest: _Janet Meury_
**Asst. Clerk**

                                                                               **TOTAL $. . . . . . . . . . . .**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____          DATE: _12/12/03_

AOTC-6 mtc005-11/99

# Commonwealth of Massachusetts

WORCESTER, ss.

APR 0 1 2004

Superior Court Department
Docket No. 03-2403

ATTEST

MARGARET FIELD,                                       )
                                        Plaintiff    )
                                                      )            *MOTION TO ENLARGE*
vs.                                                   )             *TIME TO SERVE*
                                                      )             *DEFENDANT*
RONALD MASON,                                         )
                                        Defendants   )

        NOW COMES the Plaintiff, MARGARET FIELD, and hereby respectfully requests that
this Honorable Court enlarge the time to serve the Defendant with a copy of the Complaint to
April 30, 2004 and as reasons therefore states as follows:

    1.    On or about December 18, 2004, the office of the undersigned prepared a letter
          to the sheriff's office enclosing the summons and a copy of the complaint to be
          served on the Defendant.

    2.    On or about December 18, 2004, the envelope for the sheriff's office, along with
          other outgoing mail, was placed in the mail box attached to the building in
          which the undersigned's office is housed for later pick up by the mail carrier.

    3.    On or about March 22, 2004, when the undersigned's secretary went out to
          retrieve the day's mail, she discovered several pieces of mail on the ground
          which had presumably fallen out of the mail box. While collecting the scattered
          mail, she noticed several other pieces of mail in the shrubs around the property.

    4.    Included in the mail found in the shrubs was the letter addressed to the sheriff
          in this matter. It is presumed to have gone unnoticed as it may have been
          previously covered in snow.

    5.    Both the undersigned and his secretary were unaware that the  summons had
          been inadvertently lost.

        WHEREFORE, the Plaintiff, MARGARET FIELD, respectfully requests that her motion be
granted for the above-stated reasons.

A true copy by photostatic process
Attest:
     Asst. Clerk

March 30, 2004

Respectfully submitted,
Plaintiff, MARGARET FIELD,
By her Attorney:

Gary R. LeBlanc, Esquire
20 Cross Street
Gardner, MA 01440
Telephone: (978) 630-3300
BBO No. 543081

# Commonwealth of Massachusetts

**FILED**

WORCESTER, ss.

Superior Court Department
Docket No. 03-2403

JUN 1 4 2004

ATTEST:

CLERK

MARGARET FIELD,

)
)
Plaintiff )
)

vs.

)
)
)

**_MOTION TO ENLARGE
TIME TO SERVE
DEFENDANT_**

RONALD MASON,

)
)
Defendants )

NOW COMES the Plaintiff, MARGARET FIELD, and hereby respectfully requests that this Honorable Court enlarge the time to serve the Defendant with a copy of the Complaint to June 30, 2004 and as reasons therefore states as follows:

1. On or about March 30, 2004, Plaintiff filed a motion to enlarge time to serve defendant to April 30, 2004.

2. During the week of April 26, 2004, the office of the undersigned placed several calls to the court inquiring as to the status of said motion.

3. On or about April 28, 2004, over the telephone, a person in the clerk's office indicated to the office of the undersigned that the motion had not been acted on as of that date but because the requested extension deadline was approaching, additional time to serve defendant would be allowed.

4. In May, 2004, Plaintiff's counsel received the Clerk's Notice indicating the Plaintiff's motion had been allowed and the extension was granted to April 30, 2004.

5. Plaintiff's counsel was awaiting the court's approval of his motion prior to having Defendant served.

6. The office of the undersigned has forwarded documentation to the Sheriff's office to have Defendant served and requests that the deadline for serving defendant be extended to June 30, 2004.

6/17/04 All'd (Billingo J.)

Attest: _____ Norman

First Asst Clerk

Mailed 6/24/04

WHEREFORE, the Plaintiff, MARGARET FIELD, respectfully requests that her motion be granted for the above-stated reasons.

Respectfully submitted,
Plaintiff, MARGARET FIELD,
By her Attorney:

June 9, 2004,

Gary R. LeBlanc, Esquire
20 Cross Street
Gardner, MA 01440
Telephone: (978) 630-3300
BBO No. 543081

A true copy by photostatic process
Attest _____
Asst. Clerk

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. WOCV2003-2403C

|  |  |
|---|---|
| MARGARET FIELD, | ) |
| Plaintiff, | ) |
| vs. | ) |
| RONALD MASON, | ) |
| Defendant. | ) |

*FILED*

ATTEST: JUL 2 9 2004

## ANSWER TO COMPLAINT
## AND DEMAND FOR JURY TRIAL

**NOW COMES** the Defendant, RONALD MASON, by and through his attorneys,

GARGIULO / RUDNICK, LLP, and as his Answer to Plaintiff's Complaint state as follows:

1.  In answering Paragraph 1 of the Complaint, the Defendant lacks sufficient information to form a belief as the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

2.  In answering Paragraph 2 of the Complaint, the Defendant admits to the allegations contained therein.

3.  In answering Paragraph 3 of the Complaint the Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

4.  In answering Paragraph 4 of the Complaint the Defendant lacks sufficient information to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

5.  In answering Paragraph 5 of the Complaint, the Defendant denies the allegations contained therein.

6.  In answering Paragraph 6 of the Complaint the Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint and each of its purported causes of action fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Statute of Limitations)

The Complaint and each of its purported causes of action is barred by the applicable statue of limitations.

### Third Affirmative Defense
### (Comparative Negligence)

If the Plaintiff suffered damages as alleged in the Complaint, such damages were caused by the negligence of Plaintiff, and if it should be found that Defendant was negligent, which he expressly denies, in an amount greater than the Plaintiff's negligence, the damages recoverable by the Plaintiff should be reduced by the percentage of the total negligence attributable to the Plaintiff.

### Fourth Affirmative Defense
### (Plaintiff Negligent)

If the Plaintiff suffered damages as alleged in the Complaint, such damages were caused by the negligence of the Plaintiff which is greater than the total amount of negligence attributable to the Defendant barring recovery in this action.

### Fifth Affirmative Defense
### (Damages Not Caused by Answering Defendant)

To the extent the Plaintiff has suffered any damage as alleged in the Complaint, such damages were caused not by this answering Defendant, but by the acts or omissions of others.

2

**Sixth Affirmative Defense**
**(Insufficiency of Process)**

The relief sought by the Plaintiff is barred due to insufficiency of process.

**Seventh Affirmative Defense**
**(Insufficiency of Service of Process)**

The relief sought by the Plaintiff is barred due to insufficiency of service of process.

## JURY CLAIM

The Defendant hereby demand a trial by jury as to each and every count contained in

Plaintiff's Complaint.

Respectfully submitted,
Defendant
Ronald Mason
By his attorneys,

Edward R. Gargiulo
B.B.O. #185720
John H. Bee
B.B.O. #563971
GARGIULO / RUDNICK, LLP
66 Long Wharf, 4th Floor
Boston, MA 02110
Telephone: (617) 742-3833

DATED: July 22, 2004

3

## CERTIFICATE OF SERVICE

I, JOHN H. BEE, attorney for Defendant, Ronald Mason, do hereby certify that on the

date indicated below, I caused to be served a true and accurate copy of the following documents:

(1)     Notice of Appearance on behalf of Defendant, Ronald Mason; and

(2)     Answer to Complaint and Demand For Jury Trial,

by depositing said documents with the United States Postal Service, postage prepaid and

properly addressed to the following:

Gary LeBlanc, Esq.
20 Cross Street
Gardner, MA  01440


JOHN H. BEE
Attorney for Defendant, Ronald Mason

DATED:  July 26, 2004


A true copy by photostatic process
Attest: _____
Asst. Clerk

P:\ARB\MASON, RONALD\ALS Certificate of Service 040726.doc

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action**

No. 03-2403 $C$

MARGARET FIELD,

)
)
)
                                    Plaintiff (s)   )
                                                    )   **SUMMONS**
                        V.                          )
                                                    )
RONALD MASON                                        )
                                                    )
                                    Defendant (s)   )

✳    To the above-named Defendant:

You are hereby summoned and required to serve upon ......................................
...... Gary R. LeBlanc ..................................................................., plaintiff's attorney,
whose address is ...20..Cross..Street,..Gardner,..MA...01440........................
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the............12th......
day of .........December.......................................in the year of our Lord two thousand and
three.............. .

A true copy by photostatic process
Attest .........................................     ....................................................

Asst. Clerk

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

✳    NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
      if you claim to have a defense, either you or your attorney must serve a copy of your written
      answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
      Court, Room 21.

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. WOCV2003-2403C

MARGARET FIELD,

      Plaintiff,

vs.

RONALD MASON,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

**FILED**

NOV 2 2 2004

ATTEST:

CLERK

## DEFENDANT'S APPLICATION FOR FINAL JUDGMENT
## OF DISMISSAL AS TO PLAINTIFF FOR
## FAILURE TO ANSWER INTERROGATORIES

NOW comes Defendant Ronald Mason, pursuant to Mass.R.Civ.P. 33(a)(4) and hereby makes Application for Entry of Judgment of Dismissal to be entered against Margaret Field for failure to timely serve Answers to Interrogatories upon Defendant Ronald Mason.

In support of this Application, Defendant Ronald Mason states that on July 27, 2004 Defendant served Plaintiff with Interrogatories. _See_ Exhibit A. Plaintiff failed to answer the Interrogatories propounded by Defendant Ronald Mason. By letter dated August 31, 2004, Defendant made a written request to Plaintiff for his discovery responses within seven (7) days or, by or before September 7, 2004. _See_ Exhibit B.

On or about September 24, 2004 Defendant Ronald Mason served Plaintiff Margaret Field with a Final Request for answers to Interrogatories, notifying Plaintiff that Defendant would seek Entry of Judgment of Dismissal against Plaintiff Margaret Field unless Answers to Interrogatories were served upon Defendant within forty (40) days from the date of notice as

**COMMONWEALTH OF MASSACHUSETTS**

WORCESTER, SS.                               SUPERIOR COURT DEPARTMENT
                                            OF THE TRIAL COURT
                                            CIVIL ACTION NO. WOCV2003-2403C

| | |
|---|---|
| MARGARET FIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| RONALD MASON, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT RONALD MASON'S FIRST SET OF INTERROGATORIES
PROPOUNDED ON THE PLAINTIFF MARGART FIELD**

**NOW COMES** the Defendant, RONALD MASON, and hereby propounds his First Set

of Interrogatories to be answered under oath by Plaintiff, MARGARET FILED, pursuant to rule

33 of the Massachusetts Rules of Civil Procedure.

Interrogatory No. 1
Identify yourself, giving your full name, date of birth, social security number, residential address,
business address, and occupation.

Interrogatory No. 2
Describe fully and in complete everything you did within one hour before the incident which
forms the subject matter of the plaintiff's complaint up to the moment of impact, describing each
event in sequential order.

Interrogatory No. 3
Please describe the amount and volume of traffic on the road, within 60 seconds prior to the
collision as alleged in Plaintiff's complaint.

Interrogatory No. 4
From the time you first saw the vehicle that struck you, describe the movements of the vehicle,
including the course of the vehicle to the time of the impact.

Interrogatory No. 5
Describe fully and in detail the exact date, time and location where the incident occurred with
particular reference to:

     (a)     the name and width of the roadway;

     (b)     whether there were any markings or painted lines on the road surface;

     (c)     the name and location of the nearest intersection or street address;

     (d)     how far your person was into the roadway when the alleged incident occurred;
and

     (e)     where immediately after the impact your person came to rest.

Interrogatory No. 6
State in detail what you were doing at the location when and where you alleged the incident
occurred, including in your answer where you were going to and where you were coming from at
the time of the incident.

Interrogatory No. 7
Describe completely the lighting conditions at the time and place of the incident, which forms
the subject matter of the plaintiff's complaint.

Interrogatory No. 8
Describe the nature and color the clothing you were wearing at the time of the alleged
occurrence.

Interrogatory No. 9
Describe any and all malfunctions, including brakes and lights, you observed on the defendant's
vehicle immediately prior to and during the incident, which form the subject matter of the
plaintiff's complaint.

Interrogatory No. 10
Describe fully and completely how the alleged incident occurred, giving all events in detail in the
order in which they occurred.

Interrogatory No. 11
At the exact moment of contact with the defendant's motor vehicle, state the distance your body
was in relation to the nearest curb or edge of the road surface.

Interrogatory No. 12
State what happened to your person in the course of the alleged accident including in your
answer what parts of your body impacted with what portion of the defendant's vehicle and what,
if anything, happened to your person as a result of the alleged impact.

Interrogatory No. 13
State the distance in feet the defendant's motor vehicle traveled from the point of impact until it
first came to a stop after the occurrence.

Interrogatory No. 14
Describe all of the injuries you allegedly received as a result of the incident which forms the subject matter of the plaintiff's complaint, giving the size, appearance and position of any marks, cuts, bruises or blood, if any.

Interrogatory No. 15
If you have suffered from any prior physical injuries or disabilities, in the five (5) years predating the incident which forms the subject matter of the plaintiff's complaint, please provide:

    (a) a full and complete description of each such injury or disability,
    (b) the date and time when each such injury or disability first manifested itself,
    (c) whether or not you have now fully recovered there from, giving the approximate date upon which recovery was complete, or, if not complete, the approximate date when it is contemplated that recovery will be complete, and
    (d) the name and address of all health care providers who provided treatment, the date of any examination, treatment or visit to any hospital, clinic, or other institution, regarding said injury, illnesses or disability.

Interrogatory No. 16
If you have suffered from any prior emotional illnesses, or disabilities, in the five (5) years predating the incident which forms the subject matter of the plaintiff's complaint, please provide:

    (a) a full and complete description of each such injury, illness, or disability,
    (b) the date and time when each such injury, illnesses, or disability first manifested itself,
    (c) whether or not you have now fully recovered there from, giving the approximate date upon which recovery was complete, or, if not complete, the approximate date when it is contemplated that recovery will be complete, and
    (d) the name and address of all health care providers who provided treatment, the date of any examination, treatment or visit to any hospital, clinic, or other institution, regarding said injury, illnesses or disability.

Interrogatory No. 17
State in detail everything you did to avoid the incident which forms the subject matter of the plaintiff's complaint, including warnings given and evasive action.

Interrogatory No. 18
State whether you had consumed or ingested any alcoholic beverages and/or prescription or non-prescription drugs of any kind within 24 hours of the alleged occurrence, and if so, state:

    (a)    the type of beverage and or drug consumed,
    (b)    the amount consumed and/or ingested,
    (c)    the specific times of consumption or ingestion, and
    (d)    the name and address of any place of consumption or ingestion,
    (a)    identify, by name and address any person(s) whom you were with during such consumption.

3

Interrogatory No. 19
State in full detail any actions you took immediately subsequent to the alleged incident as alleged
in the plaintiff's complaint, including but not limited to whether you participated in the making
of any reports and if so, include:

    (a)     the dates such reports were made and/or filed,

    (b)     the name and address of the entities or individuals with whom such reports or
          statement were filed, and

    (c)     the substance of all such reports or statements.

Interrogatory No. 20
State the names and addresses of any witnesses to the events which form the subject matter of
the plaintiff's complaint, including all companions, adults, neighbors or children in the area at
the time of the alleged incident.

Interrogatory No. 21
State whether you had any communication with the defendant or anyone else (excluding your
attorneys) concerning the incident alleged in the plaintiff's complaint, including in your answer:

    (a)     the names of the individuals with whom you communicated,

    (b)     the dates and times of the communications,

    (c)     whether the communication was oral or written,

    (d)     the substance of each and every communication, and

    (e)     the names of any witnesses to each communication.

Interrogatory No. 22
Describe all physical or emotional injuries, conditions, ailments, or problems which you claim to
have suffered as a result of the alleged occurrence, stating in your answer the parts of your body
so affected; the severity of such injuries, ailments or pains; and how long each lasted.

Interrogatory No. 23
Please give an itemized account of all losses and expenses which you claim were incurred by
you, or on your behalf, as a result of the alleged occurrence which forms the subject matter of the
plaintiff's complaint, stating in your answer those losses or expenses which are attributable to
hospitals, doctors, medicines, medical appliances, lost wages or any other losses which you
contend you incurred.

Interrogatory No. 24
If you contend that you have lost earnings and/ or will suffer future lost earnings or loss of
earning capacity, as a result of the alleged occurrence which forms the subject matter of the
plaintiff's complaint, state all facts which support this claim.

Interrogatory No. 25
State the name and address of any person whom you expect to call as an expert witness at the
time of trial, including in you answer:

(a)  the area of expertise,

(b)  the anticipated subject matter of each such expert's testimony,

(c)  the substance of the facts and opinions to which each such expert is expected to testify, and

(d)  a summary of the grounds upon which each such expert will base each such opinion.

Interrogatory No. 26

If, as a result of the accident, you are complaining of any present or permanent ailments, injuries, or pains, please describe each fully by stating their nature, extent, and location.

Interrogatory No. 27

As a result of the accident, please state in between what dates you claim that you were:

(a)  fully confined to the hospital, including the name of the hospital, and specific dates of confinement;

(b)  fully confined to bed;

(c)  fully confined to the house; and

(d)  fully incapacitated from work or other normal activity, including in your answer a description of how you were so incapacitated.

Interrogatory No. 28

If you claim that your alleged injuries have restricted your daily activities in any way, please describe what these activities are and in what way they have been restricted.

Respectfully submitted,
Defendant
Ronald Mason,
By his attorneys,

Edward R. Gargiulo
B.B.O. #185720
John H. Bee
B.B.O. #563971
GARGIULO / RUDNICK, LLP
66 Long Wharf, 4th Floor
Boston, MA 02110
Telephone: (617) 742-3833

DATED:  July 22, 2004

5

# GARGIULO / RUDNICK, LLP

RICHARD A. GARGIULO
EDWARD R. GARGIULO
MARIELISE KELLY*
CONSTANCE L. RUDNICK
PATRICIA NOYES-CORRIGAN
JOHN H. BEE
JOSEPH F. CAVANAUGH, III
GRIDLEY M. LOSEE, JR.
ROBERT R. WALDO
ALICE M. FORBES

OF COUNSEL
JOSEPH F. STRUMSKI, JR.

* ALSO ADMITTED IN NY & NH

## ATTORNEYS AT LAW
## 66 LONG WHARF
## BOSTON, MASSACHUSETTS 02110

CAPE COD OFFICE

766 FALMOUTH ROAD (RT. 28)
MADAKET PLACE, SUITE A-6
MASHPEE, MA 02649
TELEPHONE (508) 477-6400
TELECOPIER (508) 477-0455

TELEPHONE (617) 742-3833
TELECOPIER (617) 523-7834
E-MAIL: grg@grglaw.com

August 31, 2004

Gary LeBlanc, Esq.
20 Cross Street
Gardner, MA  01440

RE:  Insured        :    Ronald Mason
     Claimant       :    Margaret Field
     Claim No.      :    000036376
     Date of Loss   :    December 12, 2000
     Docket No.     :    WOCV2003-02403-C, Worcester Superior Court

Dear Attorney LeBlanc:

A review of my file indicates that we served a Request for Production of Documents on your client, Margaret Field, on or about July 27, 2004. As such, your responses to the foregoing written discovery are past due.

In accordance with the Massachusetts Rules of Civil Procedure, please provide your responsive documents within the next seven (7) days or, by or before September 7, 2004.

Very truly yours,

John H. Bee

JHB/als

P:\ARB.MASON, RONALD\ALS Ltr. to Pltf. re notice of late response 040831.doc

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. WOCV2003-2403C

```
                               )
MARGARET FIELD,                )
                               )
           Plaintiff,          )
                               )
      vs.                      )
                               )
RONALD MASON,                  )
                               )
           Defendant.          )
                               )
```

## DEFENDANT RONALD MASON'S FINAL REQUEST FOR ANSWER TO INTERROGATORIES FROM PLAINTIFF MARGARET FIELD

Now comes Defendant, Ronald Mason, by and through counsel and hereby makes Final Request for Answers to Interrogatories to Plaintiff.

In support of this request Defendant, Ronald Mason states as follows:

1. Defendant Ronald Mason, served Interrogatories upon Plaintiff on or about July 22, 2004.

2. As of September 9, 2004, Plaintiff has failed to serve Answers to Interrogatories upon Defendant, Ronald Mason.

3. More than forty-five (45) days, as allowed by Rule 33 of the Massachusetts Rules of Civil Procedure, as well as any extensions to answer that may have been granted, have expired.

4. Should Plaintiff fail to serve Answers to Interrogatories to Ronald Mason, within the time allotted by the Massachusetts Rules of Civil Procedure,

Defendant Ronald Mason, intends to request Final Judgment be Entered against

Plaintiff.

Respectfully submitted,
Defendant Ronald Mason
By his attorney,

John H. Bee
B.B.O. #563971
GARGIULO / RUDNICK, LLP
66 Long Wharf, 4th Floor
Boston, MA 02110
Telephone: (617) 742-3833

DATED: September 24, 2004

2.

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. WOCV2003-2403C

|  |  |
|---|---|
| MARGARET FIELD,<br><br>        Plaintiff,<br><br>    vs.<br><br>RONALD MASON,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF COUNSEL

I, John H. Bee being duly sworn do hereby depose and state:

1) My name is John H. Bee and I am an attorney in good standing, licensed to practice law in the Commonwealth of Massachusetts.

2) I am the attorney of record for Defendant Ronald Mason relative to the above-captioned matter.

3) On or about July 27, 2004 I served Plaintiff Margaret Field's attorney with Defendant's First Set of Interrogatories Propounded Upon Plaintiff via first class mail. *See* Exhibit A.

4) Plaintiff failed to serve Answers to said Interrogatories.

5) On August 31, 2004, a letter was sent to Plaintiff requesting his discovery responses within seven (7) days or, by or before September 7, 2004. *See* Exhibit B.

6) On or about September 24, 2004 I served Plaintiff's attorney with Defendant's Final Request for Answers to Interrogatories Propounded Upon Plaintiff via first class mail having not been served with Answers to Interrogatories as required by Rule 33(a). *See* Exhibit C.

7) More than forty (40) days have expired since Plaintiff was served with Defendant's Final request for Answers to Interrogatories Propounded Upon

Plaintiff. Plaintiff has neither served Answers to said Interrogatories nor objections to the same.

8) Defendant Ronald Mason now applies for Judgment of Dismissal to enter as to Plaintiff Margaret Field's Complaint again Defendant Ronald Mason.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _____ DAY OF NOVEMBER, 2004.

John H. Bee

2

## CERTIFICATE OF SERVICE

I, John H. Bee, attorney for Third-Party Defendant, RONALD MASON, do hereby certify that on the date indicated below, I caused to be served true and accurate copies of the following documents:

(1)     **Defendant's Application for Final Judgment of Dismissal as to Plaintif for Failure to Answer Interrogatories,**

by depositing said documents with the United States Postal Service, postage prepaid and properly addressed to the following:

Gary LeBlanc, Esq.
20 Cross Street
Gardner, MA  01440

JOHN H. BEE

Dated:  November 18, 2004

A true copy by photostatic process
Attest:
Asst. Clerk

# Commonwealth of Massachusetts
## County of Worcester
### The Superior Court

CIVIL DOCKET# **WOCV2003-02403**

Margaret Field
vs.
Ronald Mason

### JUDGMENT (MASS.R.CIV.P. 33(a))
### FOR DEFENDANT

Pursuant to Rule 33(a), subject to the provisions of **Rules 54B,** 54(c), 55(b)1, 55(b)2(final sentence), 55(b)(4) (final sentence), 55(b)6 and 55(c) of the Mass. R.Civ.P., it appearing to the Clerk/Magistrate that an **Application for the Entry of Final Judgment** of relief was made by the defendant(s), accompanied by a copy of the final request for answers and required affidavit,  and that no answers to the interrogatories have been served upon the defendant(s), Ronald Mason

It is **ORDERED and ADJUDGED:**

That the Complaint of the plaintiff(s) Margaret Field  be and hereby is **DISMISSED** against the Defendant (s), Ronald Mason, with costs.

Dated at Worcester, Massachusetts this 3rd day of December, 2004

Francis A. Ford,
Clerk of the Courts

By: ............................................................
Assistant Clerk

Copies mailed _12/7/04_

A true copy by photostatic process
Attest: ...........................................
**Asst. Clerk**

cvdjud33ad_1.wpd 1063898 jud33ad mony

# Commonwealth of Massachusetts

MAR 17 2005

WORCESTER, ss.

Superior Court Department
Docket No. 03-2403 C

MARGARET FIELD,
                      **Plaintiff**

vs.

RONALD MASON,
                      **Defendants**

## *JOINT MOTION TO VACATE JUDGMENT*

NOW COMES the Plaintiff, MARGARET FIELD, and hereby respectfully requests that this Honorable Court vacate the Judgment of Dismissal entered on _____ 12/3/04 and as reasons therefore states that the parties reached a settlement agreement and judgment entered prior to the court having been informed of said settlement.

WHEREFORE, the Plaintiff, MARGARET FIELD, respectfully requests that her motion be granted for the above-stated reasons.

Respectfully submitted,
Plaintiff, MARGARET FIELD,
By her Attorney:

February 9, 2005

A true copy by photostatic process
Attest: _____
**Asst. Clerk**

Gary R. LeBlanc, Esquire
20 Cross Street
Gardner, MA 01440
Telephone: (978) 630-3300
BBO No. 543081

Defendant, RONALD MASON,
By his Attorney:

February 9, 2005

John H. Bee, Esquire
GARGIULO/RUDNICK, LLP
66 Long Wharf
Boston, MA 02110
Telephone: (617) 742-3833
BBO. No. 563971

Notices Mailed 3/22/05



# Commonwealth of Massachusetts

**FILED**

WORCESTER, ss.

APR 2 1 2005

ATTEST:

Superior Court Department
Docket No. 03-2403

MARGARET FIELD,

Plaintiff )
)
vs. )
)
RONALD MASON, )
)
Defendants )

*MOTION FOR ORDER*
*AS TO DISTRIBUTION*
*OF FUNDS*

NOW COMES the Plaintiff, MARGARET FIELD, and hereby respectfully requests that this Honorable Court issue an order as to the distribution of settlement funds to lien holders and as reasons therefore states as follows:

1. The Plaintiff incurred medical expenses in excess of $40,000.00.

2. The limits of the Defendant's automobile insurance policy were $20,000.00.

3. After deducting a legal fee of $6,666.66 and out-of-pocket expenses incurred by the undersigned in the amount of $561.56, there remains a balance of $12,771.78 to be distributed amongst the lien holders and the Plaintiff.

4. Liens on file total $44,876.91 as follows:

   a.  Foster & Bibeau
       Collections for Heywood Hospital            $10,287.45

   b.  Hartford Life and Accident Ins. Co.
       Disability payments                         $ 3,753.40

   c.  BlueCross BlueShield of IL
       Health Insurance                            $ 8,936.95

   d.  Peter V. Kent, P.C.
       Collections for UMASS Memorial Med. Ctr     $21,899.11

5. Negotiations have failed, specifically with BlueCross BlueShield of IL who will accept nothing less than the full amount of their lien.

6. There are not enough settlement funds to pay all lien holders in full.

7. The Plaintiff asserts that she is entitled to some amount of the proceeds remaining.

8.    The undersigned seeks an order of the court directing specific amounts be paid from the settlement proceeds to the lien holders in full satisfaction of their liens as well as an amount paid to the Plaintiff for her pain and suffering.

WHEREFORE, the Plaintiff, MARGARET FIELD, respectfully requests that her motion be granted for the above-stated reasons and that an order issue specifically setting forth the sums to be paid to the Plaintiff and each lien holder.

Respectfully submitted,
Plaintiff, MARGARET FIELD,
By her Attorney:

February 9, 2005

Gary R. LeBlanc, Esquire
20 Cross Street
Gardner, MA  01440
Telephone:  (978) 630-3300
BBO No. 543081

A true copy by photostatic process
Attest:
Asst. Clerk

# Commonwealth of Massachusetts

WORCESTER, ss.

Superior Court Department
Docket No. 03-2403

| | |
|---|---|
| MARGARET FIELD, | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) |
| RONALD MASON, | ) |
| Defendants | ) |

## AFFIDAVIT OF COMPLIANCE

I, Gary R. LeBlanc, Attorney for the Plaintiff do hereby certify that the above documents were filed within the time designated by the Superior Court Time Standards and Rule 9A and no opposition has been filed in a timely manner.

Signed under the pains and penalties of perjury this 16th day of April, 2005.

Gary R. LeBlanc, Esquire
20 Cross Street
Gardner, MA 01440
Telephone: (978) 630-3300
BBO No. 543081

## COMMONWEALTH OF MASSACHUSETTS
## SUPERIOR COURT DEPARTMENT
## WORCESTER COUNTY

| | | |
|---|---|---|
| MARGARET FIELD, | ) | |
| | ) | |
| Plaintiff, | ) | Docket No.: 03-2403 $\mathcal{C}$ |
| | ) | |
| RONALD MASON, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

Defendant, Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "Plan"), incorrectly sued as BlueCross BlueShield of Illinois Health Insurance, would show to the Court that by the filing of a Notice of Removal, copy attached as Exhibit A hereto, in the United States District Court for the District of Massachusetts, Central Division, this case has been removed.

**FILED**

JUN 2 9 2005

ATTEST: _Francis A. Ford_

CLERK

Respectfully submitted,

Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Telephone: (413) 737-4753
Facsimile: (413) 787-1941

By: _Susan G. Fentin_

Susan G. Fentin (BBO No. 632962)

Thomas H. Lawrence
John M. Russell
LAWRENCE & RUSSELL, LLP
5050 Poplar Avenue, Suite 1717
Memphis, Tennessee 38157
Telephone: 901.844.4433
Facsimile: 901.844.4435

Attorneys for Defendant, Wal-Mart Stores,
Inc. Associates' Health and Welfare Plan

## CERTIFICATE OF SERVICE

I hereby certify that this 28 day of June, 2005, I have caused to be placed in
the U.S. Mail, postage prepaid, a true and correct copy of the foregoing **NOTICE
OF REMOVAL OF ACTION TO FEDERAL COURT** to:

Gary R. LeBlanc
20 Cross Street
Gardner, MA 01440

Foster & Bibeau
1445 Main Street
P.O. Box 679
Tewksbury, MA 01876

Peter V. Kent, P.C.
P. O. Box 2164
Danvers, MA 01923

John H. Bee
Gargiulo/Rudnick, LLP
66 Long Wharf
Boston, MA 02110

Margaret P. Cottonreader
Hartford Life and Accident Ins. Co.
P. O. Box 1810
Alpharetta, GA 30023-1810

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| MARGARET FIELD, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.:_____ |
| | ) | |
| RONALD MASON, | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Defendant, Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "Plan"), incorrectly sued as BlueCross BlueShield of Illinois Health Insurance, hereby removes this action to this Court pursuant to 28 U.S.C. §§ 1441(a), (b), and (c) and 28 U.S.C. §§ 1331 and, in support thereof, states as follows:

1.    A civil action is now pending in the Superior Court of Worcester County, Massachusetts, Docket No. 03-2403, wherein Margaret Field is Plaintiff and Ronald Mason is Defendant. A copy of "Motion for Order as to Distribution of Funds" filed in the state court is attached hereto as Exhibit A. This document was the initial pleading served upon the Plan setting forth the claims upon which such action or procedure is based.

2.    The Plan is entitled to removal of this civil action pursuant to 28 U.S.C. §§ 1331 and 1441. Plaintiff asserts claims which raise substantial questions of federal law and which arise out of federal law. Plaintiff seeks to have the state court determine subrogation rights arising from an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §

1001 *et seq.* ("ERISA"). Plaintiff's claims relate to an employee benefit plan as defined and described in 29 U.S.C. § 1001(a) and § 1003(a).

3.     Plaintiff's claims relate to the employee benefit plan within the meaning of ERISA, 29 U.S.C. § 1001 *et seq.* and are preempted and superseded by 29 U.S.C. § 1144(a).

4.     This action is removable pursuant to the complete preemption doctrine without regard to the well-pleaded complaint rule. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

5.     This Court has original jurisdiction of ERISA actions under 29 U.S.C. §§ 1132 (a) and (e). This action is founded on claims or rights arising under the laws of the United States in that it is based upon and requires the application of ERISA, 29 U.S.C. § 1144(a). Removal jurisdiction exists under 28 U.S.C. § 1441 (a) and (b).

6.     Resolution of Plaintiff's claim for relief requires the Court to construe the terms of an ERISA plan. Specifically, the Court must construe the reimbursement provision contained in the Plan to determine the parties' rights in this action.

7.     Plaintiff seeks to recover benefits from an employee welfare benefit plan covered by ERISA. Plaintiff's claim is completely preempted by ERISA because it is properly characterized as a claim for benefits under 29 U.S.C. § 1132(a)(1)(B). *See Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003) (*en banc*); *Singh v. Prudential Health Care Plan, Inc.*, 335 F.3d 278 (4th Cir. 2003).

2

8.     Plaintiff's claim for a declaration of rights under the Plan could have been brought as a separate action. Plaintiff's claim against the Plan is therefore removable as a "separate and independent claim." 28 U.S.C. § 1441(c); *Bond v. Reliance Ins. Co.*, 433 F. Supp. 243, 248 (D.N.J. 1977) (claim is separate and distinct if the claim could have been the subject of an independent action by itself, and without being joined or consolidated with others.). Therefore, the entire action is removable pursuant to 28 U.S.C. § 1441(c). Because removal is proper under 28 U.S.C. § 1441(c), not all defendants are required to join this Notice of Removal. *Thomas v. Shelton*, 740 F.2d 478, 483 (7th Cir. 1984).

9.     This Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

10.     Venue is proper in this Court.

11.     The following attachment is provided pursuant to 28 U.S.C. § 1446(a). A copy of the "Motion for Order as to Distribution of Funds" is attached as Exhibit A.

12.     Pursuant to 28 U.S.C. § 1446(d), the Plan has given written notice of the removal of this action to all parties and has filed a copy of this notice in the state court.

WHEREFORE, the Plan hereby removes this action from said state court into this Court.

3

Respectfully submitted,

Skoler, Abbott & Presser, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts 01144
Telephone: (413) 737-4753
Facsimile: (413) 787-1941

By: _____
Susan G. Fentin (BBO No. 632962)

Thomas H. Lawrence[1]
John M. Russell[2]
LAWRENCE & RUSSELL, LLP
5050 Poplar Avenue, Suite 1717
Memphis, Tennessee 38157
Telephone: 901.844.4433
Facsimile: 901.844.4435

Attorneys for Defendant, Wal-Mart Stores,
Inc. Associates' Health and Welfare Plan

---

[1] Motion for *pro hac vice* admission filed contemporaneously.
[2] Motion for *pro hac vice* admission forthcoming.

4

## CERTIFICATE OF SERVICE

I hereby certify that this 28 day of June, 2005, I have caused to be placed in the U.S. Mail, postage prepaid, a true and correct copy of the foregoing **NOTICE OF REMOVAL** to:

Gary R. LeBlanc
20 Cross Street
Gardner, MA 01440

Foster & Bibeau
1445 Main Street
P.O. Box 679
Tewksbury, MA 01876

Peter V. Kent, P.C.
P. O. Box 2164
Danvers, MA 01923

John H. Bee
Gargiulo/Rudnick, LLP
66 Long Wharf
Boston, MA 02110

Margaret P. Cottonreader
Hartford Life and Accident Ins. Co.
P. O. Box 1810
Alpharetta, GA 30023-1810

# Commonwealth of Massachusetts

WORCESTER, ss.

Superior Court Department
Docket No. 03-2403

MARGARET FIELD,

          Plaintiff

vs.

RONALD MASON,

          Defendants

*MOTION FOR ORDER AS
TO DISTRIBUTION OF
FUNDS*

    NOW COMES the Plaintiff, MARGARET FIELD, and hereby respectfully requests that this Honorable Court issue an order as to the distribution of settlement funds to lien holders and as reasons therefore states as follows:

1.    The Plaintiff incurred medical expenses in excess of $40,000.00.

2.    The limits of the Defendant's automobile insurance policy were $20,000.00.

3.    After deducting a legal fee of $6,666.66 and out-of-pocket expenses incurred by the undersigned in the amount of $561.56, there remains a balance of $12,771.78 to be distributed amongst the lien holders and the Plaintiff.

4.    Liens on file total $44,876.91 as follows:

    a.    Foster & Bibeau
          Collections for Heywood Hospital    $10,287.45

    b.    Hartford Life and Accident Ins. Co.
          Disability payments    $ 3,753.40

    c.    BlueCross BlueShield of IL
          Health Insurance    $ 8,936.95

    d.    Peter V. Kent, P.C.
          Collections for UMASS Memorial Med. Ctr    $21,899.11

5.    Negotiations have failed, specifically with BlueCross BlueShield of IL who will accept nothing less than the full amount of their lien.

6.    There are not enough settlement funds to pay all lien holders in full.

7.    The Plaintiff asserts that she is entitled to some amount of the proceeds remaining.

**RECEIVED**

15 7 JUL 04 08

**SPRINGFIELD T**



EXHIBIT
A

8.    The undersigned seeks an order of the court directing specific amounts be paid from the settlement proceeds to the lien holders in full satisfaction of their liens as well as an amount paid to the Plaintiff for her pain and suffering.

WHEREFORE, the Plaintiff, MARGARET FIELD, respectfully requests that her motion be granted for the above-stated reasons and that an order issue specifically setting forth the sums to be paid to the Plaintiff and each lien holder.

Respectfully submitted,
Plaintiff, MARGARET FIELD,
By her Attorney:

May 30, 2005

Gary R. LeBlanc, Esquire
20 Cross Street
Gardner, MA 01440
Telephone: (978) 630-3300
BBO No. 543081

A true copy by photostatic process
Attest: _____
Asst. Clerk

RECEIVED

'15 7 AM 04

SPRINGFIELD T

TOTAL P.04