IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| MARGARET FIELD, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.:  4:05-cv-40105 |
| | ) | |
| v. | ) | |
| | ) | |
| RONALD MASON, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER OF WAL-MART STORES, INC. ASSOCIATES' HEALTH AND WELFARE PLAN TO PLAINTIFF'S MOTION FOR ORDER OF DISTRIBUTION OF FUNDS

Defendant, Wal-Mart Stores, Inc. Associates' Health and Welfare Plan (the "Plan" or "Defendant"), incorrectly sued as BlueCross BlueShield of Illinois Health Insurance, in answer to Plaintiff's motion for order as to distribution of funds, states as follows:

1.      Defendant admits the allegations contained in paragraph 1 of the motion.

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the motion.

3.      Defendant admits the allegations contained in paragraph 3 of the motion.

4.      Defendant lacks knowledge or information sufficient to form a belief as to the total amount of liens on file.

a.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4(a) of the motion.

b.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4(b) of the motion.

c.     Defendant admits that the Plan has a first priority right to reimbursement out of the settlement funds without any reduction for attorneys' fees and regardless of whether the covered person is made whole by the settlement.  Defendant denies that it is "insurance," because the Plan is an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

d.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4(d) of the motion.

5.     With regard to the allegations contained in paragraph 5 of the motion, Defendant admits that the Plan, which is a self-funded, employee welfare benefit plan covered by ERISA, has paid medical benefits on Plaintiff's behalf, and that the Plan has a first priority right to reimbursement out of any settlement or judgment

Plaintiff receives in this action, regardless of whether Plaintiff is made whole and without any reduction for attorneys' fees under the common fund doctrine.

6.     Defendant admits the allegations contained in paragraph 6 of the motion, but states that it has a first priority right to the funds.

7.     With regard to the allegations contained in paragraph 7 of the motion, Defendant admits that it has first priority right to the settlement funds over Plaintiff and the other lienholders.  Defendant denies the remaining allegations contained in this paragraph.

8.     Defendant denies the allegations contained in paragraph 8 of the motion and asserts that the Plan has a first priority right to reimbursement out of any settlement or judgment Plaintiff receives in this action, regardless of whether Plaintiff is made whole and without any reduction for attorneys' fees under the common fund doctrine.

## Prayer for Relief

Defendant admits that the Court may make an adjudication but denies that Plaintiff is entitled to any of the proceeds.

## AFFIRMATIVE DEFENSES

1.     Defendant avers that any state laws Plaintiff may rely upon to attempt to defeat the Plan's right to subrogation or reimbursement are preempted by ERISA.

2.     The terms of the Plan provide the Plan with a first priority right of reimbursement, to the extent of benefits paid, without a reduction for attorneys'

fees and costs and regardless of whether Plaintiff is made whole by any settlement or judgment.  Defendant avers that Plaintiff is required to reimburse the Plan, to the extent of benefits paid, out of any settlement or judgment received by Plaintiff in this litigation.

3.    The Plan reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

Respectfully submitted,

SKOLER, ABBOTT & PRESSER, P.C.
One Monarch Place, Suite 2000
Springfield, Massachusetts  01144
Telephone:  413.737.4753
Facsimile:  413.787.1941


By: /s/ Susan G. Fentin
Susan G. Fentin (BBO No. 632962)


Thomas H. Lawrence
John M. Russell
LAWRENCE & RUSSELL, LLP
5050 Poplar Avenue, Suite 1717
Memphis, Tennessee  38157
Telephone:  901.844.4433
Facsimile:  901.844.4435

Attorneys for Defendant, Wal-Mart Stores,
Inc. Associates' Health and Welfare Plan

<u>**CERTIFICATE OF SERVICE**</u>

   I hereby certify that this 3rd day of August, 2005, I have caused to be placed in the U.S. Mail, postage prepaid, a true and correct copy of the foregoing **ANSWER** to:

     Gary R. LeBlanc
     20 Cross Street
     Gardner, MA  01440

     Foster & Bibeau
     1445 Main Street
     P.O. Box 679
     Tewksbury, MA  01876

     Peter V. Kent, P.C.
     P. O. Box 2164
     Danvers, MA  01923

     John H. Bee
     Gargiulo/Rudnick, LLP
     66 Long Wharf
     Boston, MA  02110

     Margaret P. Cottonreader
     Hartford Life and Accident Ins. Co.
     P. O. Box 1810
     Alpharetta, GA  30023-1810

       /s/ Susan G. Fentin
       Susan G. Fentin, Esq.